CHARLES J. SCHUCK,'Judge.
In January, 1944, claimant'joined the medical.staff at the Hopemont sanitarium, a state institution located ■ near Terra Alta in Preston county, West Virginia, and devoled to the treatment of tuberculous patients. .He continued in this capacity on the said staff until October, 1944, at which time he, himself, became afflicted with pulmonary tuberculosis, contracted, he maintains, by reason of his close physical contact's with patients in the said sanitarium suffering from active pulmonary tuberculosis. Having had, prior to his illness, regular x-ray examinations made of his chest which provéd negative,, he now- insists and concludes, as heretofore stated, ' that the''nature' of ■ his services as such staff physician brought about his-own illness-and affliction-
In July, 1945, he applied for compensation to the’ state compensation commission, but was refused compensation on the ground "that the disability complained of was not due to an ‘injury’ in the course of and resulting from claimant’s employment.” An appeal to the workmen’s compensation appeal board also resulted in a refusal to make an award and he now applies to this court for relief accordingly.
Is the state morally bound to compensate claimant under these conditions- and in the light of the foregoing factsl It must be assumed, of course, that claimant was fully acquainted with the risk and hazard incident to his services as a physician in the said sanitarium; that he knew the danger incident to contacts with patients suffering from tuberculosis that he would be obliged to make; that he. was aware of the danger of becoming- afflicted himself by such contacts, and that such risk and danger connected with his services was voluntarily assumed *261 by him. No negligence of any kind is alleged or shown against the state or the department involved in carrying on the purposes or work of the sanitarium. In view of these circumstances does the claimant stand in any different position than the physician who is called upon to treat a highly dangerous and communicable disease found in a private home, and could such physician having contracted the disease have either a moral or legal claim for damages by reason of the contact so made? We do not think so.
Appearances:
Ralph L. Miller, for claimant:
Eston B. Stephenson, Assistant Attorney General, for the state.
A physician necessarily assumes the ordinary risks incident to the practice of his profession, and if, in such practice, he, himself, unfortunately contracts disease from contact with his patients, he becomes in the very nature of things a martyr to the vicissitudes of his profession and makes a sacrifice for which there is seemingly no compensation.
Considering all the facts and circumstances presented for our consideration an award is refused and the claim dismissed.